STATE OF NEW YORK
SUPREME COURT         MONROE COUNTY

CHARLES R. ELLINGTON

                PLAINTIFF,

         VS.

COUNTY OF MONROE, MONROE COUNTY SHERRIFF
PATRICK M. O'FLYNN, DEPUTY MATTHEW
WHITING, DEPUTY MICHAEL RIEGER,
DEPUTY TODD SUTHERLAND, TOWN OF GATES, JOHN DOES
NO 1, 2 AND 3 AND JOHN DOES 4, 5 AND 6 and JOHN DOES
7 THROUGH 12

                DEFENDANTS.

SUMMONS

Index No. 14-12302

[MONROE COUNTY RECEIVED APR 27 2015 LAW DEPARTMENT stamp]

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: April 21, 2015

                                                  Patrick J. Burke, Esq.

Trial is desired in the County of Monroe        Attorney for Plaintiff
The basis of venue designated above           16 West Main Street Suite 100
that plaintiff reside at Rochester, NY           Rochester, New York 14614
in the County of Monroe                             Telephone: (585)232-5958

2015 APR 21 PM 4:01 MONROE COUNTY CLERK RECEIVED

STATE OF NEW YORK
SUPREME COURT                                    COUNTY OF MONROE

CHARLES R. ELLINGTON
                    PLAINTIFF
  -VS-

COUNTY OF MONROE, MONROE COUNTY SHERRIFF
PATRICK M. O'FLYNN, DEPUTY MATTHEW
WHITING, DEPUTY MICHAEL RIEGER,
DEPUTY TODD SUTHERLAND, TOWN OF GATES,
JOHN DOES NO 1, 2 AND 3 AND JOHN DOES
4, 5 AND 6 AND JOHN DOES 7 THROUGH 12

                    DEFENDANTS

## PRELIMINARY STATEMENT

1. The plaintiff by and through his attorney Patrick J. Burke, Esq. complaining of the defendants herein respectfully alleges as follows:

## PARTIES

2. At all times hereinafter mentioned and relevant to this action Plaintiff Charles R. Ellington, Jr. was and is a resident of the City of Rochester, Monroe County, New York.

3. Defendant COUNTY OF MONROE is and was at all times hereinafter mentioned and relevant to this action a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant COUNTY OF MONROE assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant COUNTY OF MONROE at all times relevant herein has been the public employer of Sheriff O'Flynn and each of the deputies named herein.

4. Defendant Town of Gates is and at all times hereinafter mentioned and relevant to this action a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts its agents in the area of law enforcement and

for which it is ultimately responsible. Defendant Town of Gates assumes the risk incidental to the maintenance of a police force and the employment of police officers.

5. Sheriff Patrick O'Flynn is the duly elected Sheriff of the County of Monroe and upon information and belief responsible for the training, discipline and retention of police personnel employed by the County of Monroe, including all Monroe County Sheriff Deputies who responded to a call involving the Plaintiff Charles R. Ellington, Jr. on the evening of January 27, 2014.

6. That upon information and belief and at all times relevant hereafter Deputies Michael Rieger, Matthew Whiting and Todd Sutherland were all employed by the County of Monroe as police officers with the Monroe County Sheriff's Department.

7. That upon information and belief and at all times relevant hereafter John Does 1, 2 and 3 were deputies employed by the County of Monroe as police officers with the Monroe County Sheriff's Department and who may have participated in the initial detention of the plaintiff.

8. That upon information and belief and at all times relevant hereafter John Does 4, 5 and 6 were police officers employed by the Town of Gates and who may have participated in the initial detention of the plaintiff.

9. That upon information and belief John Does 7 through 12 were deputy sheriffs employed by the County of Monroe as police officers with the Monroe County Sheriff's Department and who upon further information and belief witnessed the treatment of the plaintiff herein.

10. That upon information and belief the aforementioned police officers are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the Monroe County Sheriff's Department, a municipal agency of the Defendant COUNTY OF MONROE OR THE TOWN OF GATES. At all times relevant herein, the individual police officers were acting under color of the laws, statutes, ordinances, regulations, policies, customs, and/or usages of the State of New York and the Monroe County Sheriff's Department and the Town of Gates,

in the course and scope of their duties and functions as officers, agents, servants and employees of the Defendant COUNTY OF MONROE AND THE TOWN OF GATES and were acting for and on behalf, and with the power and authority vested in them by the Defendant COUNTY OF MONROE and the Monroe County Sheriff's Department and the Town of Gates and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Each police officer is sued individually and in their official capacity for any of the conduct toward the Plaintiff which they participated in or failed to deter.

11. By the conduct, acts and omissions complained of herein, the police officers named herein who engaged in such conduct or allowed such conduct to continue violated clear constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

12. This tort action arises out of injury and damages to plaintiff Charles R. Ellington Jr. caused by deputies Whiting, Rieger, Sutherland, John Does 1, 2 and 3, John Does 4, 5 and 6 and John Does 7 through 12 as agents of The County of Monroe or the Town of Gates in the course of and following the arrest of Ellington on January 27, 2014 at or near a garage for 251 Hinchey Road located in the Town of Gates County of Monroe and State of New York.

13. That Ellington filed a Notice of Claim pursuant to Section 50(e) of the General Municipal Law of the State of New York within ninety (90) days of the events which gave rise to this claim. This action is commenced within one year and ninety (90) days of the date plaintiff's causes of action occurred and after thirty (30) days have passed without an offer to pay the claim.

## STATEMENT OF FACTS

14. Upon information and belief on or about January 27, 2014, Deputy Sutherland observed the vehicle operated by Ellington traveling on Route 390 in violation of the applicable speed limit. Upon further information and belief when Deputy Sutherland attempted to have Ellington pulled over, the vehicle operated by Ellington slid off an exit ramp for Route 390 near Chili Avenue and

Ellington proceeded to flee the scene.

15. Upon information and belief Deputy Sutherland called for back up to apprehend Ellington and a Monroe County Sheriff canine unit and several deputies responded. Upon further information and belief police officers from the Town of Gates also responded.

16. That upon information and belief Deputy Michael Rieger with a canine unit discovered Ellington in a detached garage located at 251 Hinchey Road, Gates, New York.

17. That when advised there was a canine unit outside that would be released into the garage Ellington exited the garage in a prone position prior to being taken into custody by the deputies designated as John Does 1, 2 and 3 or John Does 4, 5 and 6.

18. That while in a prone position and prior to being physically restrained by John Does 1, 2 and 3, or John Does 4, 5 and 6, Deputy Rieger allowed the canine unit to take a bite of Ellington's hand.

19. That Ellington, prior to being bitten and physically restrained was compliant and cooperative with the instructions he received from the Deputy Sheriff Rieger and John Does 1, 2 and 3 or John Does 4, 5 and 6.

20. That as the John Does 1, 2 and 3 or John Does 4, 5 and 6 prepared to take Ellington into custody he was kneed in the groin by one John Doe and another John Doe stripped him of his car keys and his mobile phone which were then thrown into the snow by said John Doe.

21. That upon information and belief and despite the fact that Ellington was cooperative with John Does 1, 2 and 3 or John Does 4, 5 and 6 even after being assaulted one of the John Does placed handcuffs on Ellington in a manner which caused injury and pain to Ellington.

22. That Ellington complained to one John Doe that the handcuffs were causing significant pain and discomfort but the John Doe dismissed Ellington's complaint of pain and otherwise failed to

take any measure to alleviate said pain or prevent permanent injury to Ellington.

23. That upon information and belief Ellington was put into a Monroe County Sheriff's vehicle operated by Deputy Whiting. That while in the vehicle Ellington complained about the pain and discomfort the handcuffs were causing him but Deputy Whiting also dismissed Ellington's complaints and did not loosen or remove the handcuffs.

24. That upon arriving at the Sheriff's satellite office on Lehigh Station Road Deputy Whiting did not have keys to access the facilities and had to wait for another deputy to arrive. During the time he was waiting Ellington was handcuffed to a pole outside the station at a time when the temperatures were well below freezing and the wind chill made it feel even colder.

25. That Ellington was left in that condition with handcuffs that were causing pain and out in sub-freezing temperatures for a substantial period of time before a deputy with a key to the facility arrived.

26. That upon information and belief upon entry into the satellite office of the Monroe County Sheriff's the Henrietta Ambulance Service was called to check out Ellington's hand which sustained the dog bite.

27. That even during the examination by the ambulance personnel the handcuffs remained on and were not loosened or removed.

28. That upon information and belief subsequent to an examination of his dog bite wound Ellington was taken outside and placed in the rear seat of a police vehicle by upon information and belief Deputy Sutherland with his hands cuffed behind him. During the time he was handcuffed in this manner while waiting for relatives to pick him up the rear windows of the police car were lowered in order to inflict further pain and suffering upon him.

29. That despite his complaints of pain and his requesting that his handcuffs be loosened or released Deputy Sutherland ignored his complaints.

35. That by reason of the excessive force utilized the aforesaid defendants violated 42U.S.C. §1983 and subjected the plaintiff to great physical and emotional pain, physical disfigurement and humiliation and deprived him of his liberty and was otherwise damaged and injured.

## SECOND CLAIM: MUNICIPAL LIABILITY
## FOR CONSTITUTIONAL VIOLATIONS
## MONELL CLAIM AGAINST THE COUNTY OF MONROE
## SHERIFF PATRICK O'FLYNN AND TOWN OF GATES-42U.S.C. §1983

36. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

37. The County of Monroe, Sheriff Patrick O'Flynn and the Town of Gates directly caused the violations suffered by plaintiff as a result of the conduct of the defendant officers.

38. At all times relevant to this complaint the Defendants County of Monroe, O'Flynn as Sheriff of Monroe County Sheriff's Department, and the Town of Gates had in effect policies, practices and customs that condoned and fostered the unconditional conduct of the individual defendants that proximately caused injuries and harm suffered by Ellington.

39. That said defendants deliberately failed to adequately supervise and train its officers in the safe and proper use of handcuffs on arrestees or detainees and/or the proper procedures to follow in the event an arrestee or detainee expresses complaints of pain or severe discomfort from the handcuffs being put on too tightly; in failing to properly train or supervise officers about the effect of sub-freezing temperatures to a detainee or arrestee who has been handcuffed; in failing to adhere to manufactures recommendations and safety alerts and in failing to promulgate policies that insure that officers are using equipment that is not defective or which can exacerbate the injuries or arrestees or detainees.

40. That the County of Monroe, Sheriff O'Flynn and the Town of Gates should have known of defendant officers' propensity to engage in the aggressive handcuffing of arrestees or detainees.

Upon information and belief prior to January 27, 2014, the County of Monroe, Sheriff O'Flynn and the Town of Gates were aware of complaints of police misconduct involving the use of excessive force including the use of aggressive handcuffing of arrestees or detainees.

41. Despite its knowledge of such incidents of prior misconduct the County of Monroe, Sheriff O'Flynn and the Town of Gates failed to take remedial action.

42. It was the policy and custom of the County of Monroe, Sheriff O'Flynn and the Town of Gates to improperly and inadequately investigate citizen complaints of excessive force including aggressive handcuffing and said acts of misconduct were instead tolerated by County of Monroe, Sheriff O'Flynn and the Town of Gates.

43. It was further policy and/or custom of the County of Monroe, Sheriff O'Flynn and the Town of Gates to inadequately train, supervise and discipline its' police officers, including the defendant officers including John Does 1 through 12 thereby failing to adequately discourage further constitutional violations on the part of its' police officers. Upon information and belief the County of Monroe, Sheriff O'Flynn and the Town of Gates did not require appropriate service training or re-training of officers who were known to have engaged in police misconduct including the aggressive handcuffing or arrestees or detainees.

44. As a result of these policies the police officers of the County of Monroe, under the supervision of Sheriff O'Flynn, and the police officers of the Town of Gates, believed that their actions would not be monitored by superior officers and that their misconduct would not be investigated or sanctioned, but would be tolerated.

45. The wrongful policies, practices, customs and or/usages of herein, demonstrated a deliberate indifference on the part of policy makers of the County of Monroe, Sheriff O'Flynn and the Town of Gates to the constitutional rights of persons within Monroe County and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

<u>THIRD CLAIM: ASSAULT AND BATTERY</u>

## COMMON LAW CLAIM

46. Plaintiff re-alleges and incorporates by reference the allegations in each preceding paragraph as if fully set forth herein.

47. By the conduct and actions described above the aforesaid defendants inflicted the torts of assault and battery upon plaintiff. The acts and conduct of said defendants were the direct and proximate cause of injury and damage to the plaintiff and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. The acts of the aforesaid defendants constituted as assault upon the plaintiff in that they intentionally intended to injure plaintiff or commit a battery against him and represented a grievous affront to him.

49. The acts of the aforesaid defendants constituted a battery upon the plaintiff in that the bodily contact described was intentional, unauthorized and grossly offensive in nature.

50. The actions of the aforesaid defendants were intentional, reckless, unwarranted and without any just cause or provocation and were done without the consent of the plaintiff.

51. The injuries sustained by the plaintiff were caused wholly and solely by reason of the conduct described without the plaintiff contributing thereto.

52. As a direct and proximate result of the foregoing the plaintiff was subjected to great physical pain and disfigurement, emotional pain and humiliation, and was otherwise damaged and injured.

## FOURTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## COMMON LAW CLAIM

53. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

54. The conducts of the defendants in allowing the plaintiff to be bitten, in physically assaulting and battering him and intentionally handcuffing in an aggressive matter designed to cause pain and discharging his property and then handcuffing him to a rail outside during sub-freezing temperatures was all done without cause or justification, was extreme, outrageous and utterly intolerable in a civilized community and exceeded all reasonable bounds of decency.

55. The above referenced conduct was intended to and did cause severe emotional distress to the plaintiff.

56. The conduct of the defendants was the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights guaranteed by the laws and Constitution of the State of New York.

## FIFTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## COMMON LAW CLAIM

57. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

58. The aforesaid defendants in assaulting and battering the plaintiff, were careless and negligent as to the emotional health of the plaintiff and caused severe emotional distress to the plaintiff.

59. The acts and conduct of the defendants was the direct and proximate cause of the injury and damages to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

## SIXTH CLAIM: NEGLIGENCE
## COMMON LAW CLAIM

60. Plaintiff re-alleges and incorporates, by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

proximate cause of injury and damages to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing the plaintiff Ellington was deprived of his liberty, was subjected to physical pain and disfigurement, emotional pain and suffering and was otherwise damaged and injured.

## NINTH CLAIM: DENIAL OF EFFECTIVE MEDICAL CARE

### DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C §1983

68. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

69. Members of the Monroe County Sheriff's Department have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by the police.

70. That during the course of plaintiff's apprehension he sustained a dog bite to his hand.

71. Upon information and belief such an injury required the Monroe County Sheriff's Department to call for medical attention and upon further information and belief allow that medical attention to be administered in an effective manner for dealing with the plaintiff's injuries.

72. Upon information and belief Deputies Whiting, Sutherland, and various John Does designated as Monroe County Sheriff Deputies were aware that plaintiff Ellington was experiencing extreme physical pain as a result of the malicious use of excessive and unnecessary force used by John Does 1, 2 and 3, or John Does 4, 5 and 6 in placing handcuffs on Ellington in a manner designed to cause the most physical pain.

73. That when members of the Henrietta Ambulance were called to inspect the dog bite wounds

sustained by Ellington, they were forced to do so while Ellington was handcuffed because the various John Does who were Monroe County Sheriff Deputies did not want to lessen the physical pain that Ellington was suffering from my removing the handcuffs.

74. The conduct and actions of the defendants Whiting, Sutherland and various John Does acting under code of law, in failing to allow proper medical attention for Ellington was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or reckless disregard for Ellington's serious medical needs, and was designed to and did cause specific and serious physical pain, physical disfigurement, emotional pain and suffering in violation of plaintiff's substantive due process rights as guaranteed under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.

75. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical pain, physical disfigurement, emotional pain and suffering and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensation damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. The convening and empanelling of a jury to consider the merit of the claims herein;

    d. Costs and interest and attorney's fees

    e. Such other and further relief as this Court may deem just and proper

Dated: April 21, 2015
Rochester, New York

_____
Patrick J. Burke, Esq.
16 West Main Street, Suite 100
Rochester, New York 14614
(585)232-5958 (T)
(585)232-6804 (F)
Attorney for Plaintiff

# VERIFICATION

STATE OF NEW YORK        )
COUNTY OF MONROE         )    ss.:

CHARLES R. ELLINGTON, being duly sworn, depose and state: deponent is the plaintiff in the within action, deponent has read the foregoing Complaint, and knows the contents thereof, the same is true as to deponents' own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes it to be true.

*[signature]*
CHARLES R. ELLINGTON

Sworn to before me this
21st day of April, 2015.

*[signature]*
Notary Public
Notary Public In The State Of New York
Monroe County
Commission Expires June 30, 20 18