UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES R. ELLINGTON,

                              Plaintiff,

v.

Case # 15-CV-6310-FPG

DECISION AND ORDER

COUNTY OF MONROE,
MONROE COUNTY SHERIFF PATRICK M. O'FLYNN,
DEPUTY MATTHEW WHITING,
DEPUTY MICHAEL RIEGER, and
DEPUTY TODD SUTHERLAND,

                                Defendants.

## INTRODUCTION

On December 17, 2018, the Court issued a decision and order granting Defendants' motion for summary judgment in part and denying it in part. ECF No. 22. It dismissed all of Plaintiff Charles R. Ellington's claims except the first, sixth, seventh, and ninth, and terminated only John Does 1-12 as Defendants. *Id.* at 10.

On January 7, 2019, the Court held a status conference at which it granted Defendants' request to provide supplemental briefing on their motion for summary judgment. ECF No. 24. Before the Court is Defendants' supplemental brief, ECF No. 25, to which Plaintiff responded, ECF No. 27. Defendants' now move for summary judgment on Plaintiff's sixth, seventh, and ninth claims.[1] ECF No. 25. The Court assumes the parties' familiarity with the facts and the summary

---

[1] Defendants claim that the Court incorrectly interpreted their initial motion to move for summary judgment on all but Plaintiff's sixth and ninth claims. ECF No. 25 at 1-2 ("Since [Defendants] moved to dismiss the sixth and ninth causes of action, [they] respectfully ask the Court to issue a decision regarding those causes of action."). Defendants are correct that they moved for summary judgment on all of Plaintiff's claims in their notice of motion. ECF No. 17 at 1 (moving for summary judgment on "all of [Plaintiff's] counts, claims, and causes of action . . . ."). But their memorandum of law contained no argument as to either claim. Consequently, the Court correctly declined to grant Defendants summary judgment as to them. *Cf. Rios v. City of New York*, No. 14-cv-894 (KBF), 2016 WL 9022590,

judgment standard. For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I. Plaintiff's Sixth Claim – Negligence

In support of Plaintiff's sixth claim against Defendant Deputies Matthew Whiting, Michael Rieger, and Todd Sutherland, he alleges that they "owed a duty to perform their police duties without the use of excessive force" and that Plaintiff was injured "[a]s a proximate result of [D]efendants [sic] negligent use of excessive force . . . ." ECF No. 1-5 ¶¶ 61-62.

Defendants argue that excessive-force and negligence claims cannot both rest on allegedly intentional conduct. Plaintiff argues that a jury could find the Defendant Deputies negligent for handcuffing Plaintiff to a pole outside and for handcuffing him tightly.

Plaintiff misses the point. A jury may have found those acts negligent, but his sixth claim alleges that the Defendant Deputies negligently used excessive force during the course of Plaintiff's arrest.[2] *See id.* (explaining that Defendants had a duty not to use excessive force "when [P]laintiff was unarmed and did not pose . . . a threat of death or grievous bodily injury to the [D]efendants"). Plaintiff does not allege that they were negligent for handcuffing him. *Id.* More importantly, Defendants are correct that a negligence claim cannot stand with an excessive-force claim on the same facts alleging intentional conduct. *Cummings v. Vill. of Port Chester*, No. 08 Civ. 6940 (LMS), 2013 WL 12316854, at *9 (S.D.N.Y. July 3, 2013) (quoting *Busch v. City of New York*, No. 00 CV 5211, 2003 WL 22171896, at *7 (E.D.N.Y. Sept. 11, 2003)) ("When a

---

at *3 (S.D.N.Y. May 17, 2016) (explaining that "the Court will not do" counsel's work when she did not demonstrate the basis for her summary judgment motion).

[2] It is undisputed that none of the remaining Defendants physically used excessive force on Plaintiff or handcuffed him when he was arrested. ECF No. 22 at 6-7. The remaining excessive force claim pertains to Mic, Rieger's canine partner, biting Plaintiff during his arrest. *Id.*

plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie."). Consequently, Defendants' motion for summary judgment is GRANTED as to Plaintiff's sixth claim.

## II.     Plaintiff's Seventh Claim – *Respondeat Superior*

Because Plaintiff's sixth claim, the only remaining state-law claim, is dismissed, his seventh claim for *respondeat superior* against Defendant County of Monroe must also be dismissed. *Lozada v. City of New York*, No. 12 Civ. 0038(ILG)(JMA), 2013 WL 3934998, at *8 (E.D.N.Y. July 29, 2013) ("[T]hose *respondeat superior* claims whose underlying claims fail must be dismissed as a matter of law."). Defendants' motion for summary judgment is therefore GRANTED as to Plaintiff's seventh claim.

## III.    Plaintiff's Ninth Claim – Denial of Medical Care

Plaintiff's ninth claim alleges that Whiting and Sutherland denied him medical care in violation of his Fourteenth Amendment rights. ECF No. 1-5 ¶¶ 68-75.

The Fourteenth Amendment governs a pretrial detainee's claims of deliberate indifference to his serious medical needs since "pretrial detainees have not been convicted of a crime and thus may not be punished in any manner." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 168 (2d Cir. 2007)) (quotation marks omitted).

A deliberate indifference claim under the Fourteenth Amendment has two prongs. *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 717 (S.D.N.Y. 2017). First, "the alleged deprivation of adequate medical care must be 'sufficiently serious.'" *Id.* (quoting *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 139 (2d Cir. 2013)). Second, the Court must determine

"whether the official 'knew, or should have known,' that his or her conduct 'posed an excessive risk to health or safety.'" *Id.* (quoting *Darnell*, 849 F.3d at 33, 35).[3]

The facts, viewed in a light most favorable to Plaintiff as the nonmovant, are as follows. First, the night Plaintiff was arrested—January 27, 2017—was particularly cold: approximately two degrees below zero Fahrenheit. ECF No. 17-10 at 6. When Plaintiff was arrested, an unknown individual handcuffed him tightly. ECF No. 20-2 at 11. Plaintiff claims that he twice told Whiting that the handcuffs were tight: once when he entered Whiting's police car and once during the trip to the substation. *Id.* at 13, 16. Whiting claims that he did not speak with Plaintiff during the ride to the substation, ECF No.17-16 at 10, but he knew that Plaintiff complained about an injury to his hands because an ambulance was called for him. *Id.* at 13. Sutherland also knew that his hands hurt because Plaintiff complained that his hands were hurting. ECF Nos. 17-17 at 12, 20-6 at 4. Additionally, Plaintiff asked Sutherland to loosen his handcuffs "multiple times" inside and outside of the substation. ECF No. 20-2 at 38. Plaintiff's hands were also discolored when emergency medical technicians from Henrietta ambulance examined them. ECF No. 20-2 at 18.

Plaintiff consistently felt that his hands were tingling, but he did not complain of it to any of the Defendants. *Id.* at 18, 24. All told, Plaintiff was in custody and handcuffed for approximately two-and-a-half hours; the handcuffs were not removed when the EMTs examined his hands. *See* ECF Nos. 17-11 at 2-3, 17-14 at 5-6. Plaintiff asked to go to a hospital after the EMTs examined and treated his hands for lacerations, but he was instead released to his mother approximately one-and-a-half hours later. *See* ECF Nos. 17-14 at 6, 20-2 at 20.

---

[3] The Second Circuit recently concluded, based on the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that the subjective prong of a deliberate indifference claim under the Fourteenth Amendment is "defined objectively," unlike the second prong of deliberate indifference claims under the Eighth Amendment. *Darnell*, 849 F.3d at 35.

After he was released, Plaintiff experienced extreme pain in his hands, was taken to Rochester General Hospital, and was then transferred to Strong Memorial Hospital because his injuries were too severe. ECF No. 20-2 at 25. Plaintiff was diagnosed with frostbite and received treatment over approximately three months. *See* ECF Nos. 20-2 at 26; 20-8 at 1. The treatment culminated with four surgeries: one to remove the tip of Plaintiff's pointer finger on his right hand and three to remove the entirety or majority of each of the four fingers on his left hand. ECF No. 20-2 at 27-29. Plaintiff now has difficulty with many tasks, including cooking, sewing, and engaging in recreational activities, among other things. *Id.* at 32-36. Plaintiff also experienced swelling in his knuckles and pain twice a week as of his deposition, which was taken nearly one year after his surgeries. ECF No. 20-2 at 37-38. Finally, Plaintiff experiences emotional distress because of the amputations. *See id.* at 40-41. He specifically mentioned that he cried on one occasion because he could not throw a football to his children. *Id.* at 41.

Defendants argue that no reasonable jury could find that Plaintiff has satisfied the objective prong since he was treated while in custody, he reported no pain when the EMTs treated him, and his symptoms did not arise until after he was released. ECF No. 25 at 7-8.

The Court is not persuaded. First, there is no dispute that Whiting and Sutherland knew that an ambulance was called for Plaintiff because of injuries to his hands and that Plaintiff told Sutherland that his hands hurt. Second, Plaintiff's claim is not foreclosed because he was treated. Instead, "[w]here a plaintiff's claim is based on a temporary delay or interruption in treatment," the Court considers "the severity of the temporary deprivation alleged by the detainee." *Watts v. New York City Police Dep't*, 100 F. Supp. 3d 314, 327 (S.D.N.Y. 2015) (quoting *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003)) (quotation marks omitted). That determination includes "the actual medical consequences that flow from the alleged denial of care," which is

"highly relevant" in "most cases." *Id.* (quoting *Carpenter*, 316 F.3d at 186) (quotation marks omitted). Here, the medical consequences that flowed from the alleged denial of care were full or partial amputations of each finger on Plaintiff's left hand and the tip of the pointer finger on his right hand. Other courts in this Circuit have found that amputated digits are sufficient to satisfy the first prong of a deliberate indifference claim, and this Court does as well given the number and severity of the amputations. *Richardson v. City of New York*, No. 15 Civ. 543(LAK)(AJP), 2015 WL 7752143, at *12 (S.D.N.Y. Nov. 18, 2015), *report and recommendation adopted*, 2016 WL 1637997, at *1 (Apr. 22, 2016); *but see Mikulec v. Town of Cheektowaga*, 909 F. Supp. 2d 214, 222-23 (W.D.N.Y. 2012) (granting defendant's motion for summary judgment on plaintiff's deliberate indifference claim where plaintiff sustained minor abrasions and bleeding from tight handcuffs).

For the second prong, Defendants argue that "[t]here are no facts before this [C]ourt to support a finding that any Monroe County Sheriff's deputy knew that Ellington had a serious medical need and knowingly disregarded a risk to his health or safety." ECF No. 25 at 9-10.

There are several issues with Defendants' argument. First, they misstate the law; a defendant may satisfy the second prong if he knew that his conduct posed an excessive risk to a plaintiff's health or safety, but he may also satisfy it if he *should have known* that his conduct posed such a risk. *Lloyd*, 246 F. Supp. 3d at 717 (quoting *Darnell*, 849 F.3d at 33, 35).

Regardless, the Court finds that there is a genuine dispute as to whether Plaintiff told Whiting that his handcuffs were too tight, and a reasonable jury could find that Whiting and Sutherland knew or should have known that their conduct posed an excessive risk to Plaintiff's health. It is undisputed that Whiting and Sutherland knew Plaintiff's hands were injured because an ambulance was called. Additionally, a jury could reasonably infer that Whiting and Sutherland

knew that Plaintiff's hands had been exposed to the extreme cold for an extended period of time, his hands were discolored, and leaving handcuffs on Plaintiff for close to three hours would hinder blood circulation to his hands. Finally, and more importantly, a jury could reasonably infer that Whiting and Sutherland knew Plaintiff's handcuffs were too tight. It is undisputed that Plaintiff asked Sutherland to loosen them multiple times. *Cf. Ajala v. Tom*, 658 F. App'x 805, 805-07 (7th Cir. 2016) (vacating and remanding judgment of district court that dismissed plaintiff's deliberate indifference claim under qualified immunity where plaintiff sustained long-term injuries from tight handcuffs after asking defendants to loosen them twice). Consequently, Defendants' motion for summary judgment is DENIED as to Plaintiff's ninth claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion, ECF Nos. 17, 25, is GRANTED IN PART and DENIED IN PART, Plaintiff's sixth and seventh claims are dismissed, and his ninth claim survives. The Clerk of Court is directed to terminate the County of Monroe and Monroe County Sheriff Patrick M. O'Flynn as Defendants in this case.

IT IS SO ORDERED.

Dated: March 14, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court